UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PRINCE AJAMU KHALFANI-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV69 SNLJ |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Prince Ajamu Khalfani-El, a/k/a Edward Wiggins, (registration no. 160670), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $5.21. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Troy Steele, Omer Clark, A. Hughes, M. Raymond, C. Dowdy, T. Vilmer, John Williams, Dan Martinez, and Keith Mays. Defendant Steele is the Superintendent at Southeast Correctional Center ("SECC"). All of the other defendants are members of either the censorship committee or grievance committee at SECC. The complaint seeks monetary, declaratory, and injunctive relief.

Plaintiff claims that he subscribes to various political newsletters aimed at prisoners, such as "Under Lock and Key" and "Kansas Mutual Aid." Plaintiff says

that defendants have censored these newsletters in violation of his First Amendment rights.

Plaintiff alleges that defendants Vilmer, Mays, and Williams refused to allow him to receive publications from Kansas Mutual Aid on March 11, 2008. Plaintiff says that on April 22, 2008, he learned that defendants Vilmer, Dowdy, and Mays, as members of the censorship committee, had censored publications from Kansas Mutual Aid. Plaintiff maintains that on August 7, 2008, he received notification from defendants Clark, Williams, and Hughes, that the February 2008 issue of Under Lock and Key was being censored. Plaintiff claims that on October 20, 2008, he received notice from defendants Clark, Hughes, and Raymond that the September 2008, issue of Under Lock and Key was being censored. Plaintiff claims that defendants notified him that the materials had been censored because they contained racially and religiously inflammatory material, because they promoted violence, and because they posed a threat to the security of the institution. Plaintiff contends that the proffered reasons are untrue and that defendants had no valid reason to censor the materials.

Plaintiff claims that defendant Steele should be held responsible for the censorship because he is the warden of the institution.

## Discussion

The complaint survives initial review as to defendants Omer Clark, A. Hughes, M. Raymond, C. Dowdy, T. Vilmer, John Williams, Dan Martinez, and Keith Mays. As a result, the Court will order these defendants to respond to the allegations in the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Steele was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to Steele.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Omer Clark, A. Hughes, M. Raymond, C. Dowdy, T. Vilmer, John Williams, Dan Martinez, and Keith Mays.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Omer Clark, A. Hughes, M. Raymond, C. Dowdy, T. Vilmer, John Williams, Dan Martinez, and Keith Mays shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Steele because, as to Steele, the

---

[1] Defendants are alleged to be employees at Southeast Correctional Center.

complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this  4th   Day of June, 2009.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE