# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| PRINCE AJAMU KHALFANI-EL, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:09CV00069SNLJ |
| OMAR CLARK, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff has filed a motion for leave to file amended complaint (#23) and with it, a declaration in support of a temporary restraining order against the newly named defendants. Defendants have filed separate memorandums in response to the motion for leave to amend and the memorandum in support of temporary restraining order, respectively.

In the proposed amended complaint, plaintiff attempts to add Mike Kenna, Larry Denny, Jean Yount and M. Morgan as defendants. The first individual is the Deputy Director of the Division of Adult Institutions in the Missouri Department of Corrections, and the latter three are employees at the Crossroads Correctional Center (CRCC). Plaintiff alleges in his proposed amended complaint that staff at CRCC directed plaintiff to use his commitment name, Edward Spencer, on his mail correspondence, rather than his adopted African name, Prince Ajamu Khalfani-El, and that the staff refused all of his mail without his commitment name. Plaintiff asserts that "[t]hese new violations have some relationship to the claims in the original complaint," yet he does not discuss how they are related. While plaintiff alleged in his initial complaint that the defendants at Southeast Correctional Center censored his subscriptions to

various reading materials, his proposed amended complaint attempts to combine those allegations with alleged actions that occurred at a different institution for a wholly different reason.

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of additional defendants if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." The new allegations do not arise out of the same "transaction, occurrence, or series of transactions or occurrences," because the alleged actions took place at a different time, at a different location, and for a different reason. Should plaintiff choose to bring a claim against the defendants on the basis of the new allegations, he shall be required to file a separate civil action. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)(not an abuse of discretion to require plaintiff to file any new claims against other defendants in a separate action). All that said, plaintiff may assert new allegations against Mike Kenna should the allegations arise out of the same transaction or occurrence as the initial complaint, and the plaintiff shall be able to amend his complaint to join Kenna as a defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend complaint (#23), filed April 12, 2010 is **GRANTED** in part and **DENIED** in part; his motion is denied to the extent that plaintiff attempts to amend his complaint to add defendants related to a different cause of action.

Dated this   27th   day of May, 2010.

                                                     /s/ Stephen N. Limbaugh, Jr.
                                                     UNITED STATES DISTRICT JUDGE